By some untoward accident, the following dissentient opin ions were omitted in the reports of the cases to which they apply, and are therefore published in an Appendix.

## WITHERS v. GREENE. (p. 213.)

Mr. Justice NELSON dissented.

I am obliged to dissent from the judgment of the court in this case. I agree to the principles of law, generally, as expounded in the opinion delivered; but cannot agree to the application that has been given to them in deciding the case.

The defence turns upon the effect of the pleas, as there is a demurrer to each of them.

The first sets up fraud in the sale of the fillies in two particulars; namely, first, in representing that they were raised by the vendor and were sound, when, in fact, they were not raised by him, and were knowingly unsound. Second, that they were of a particular pedigree, which is set forth, when in fact they were not, and that well known to the vendor. The plea further avers, that the fillies were purchased upon the faith of these representations, and then concludes that the sealed note given for the purchase-money was obtained by fraud, and is void in law.

The second plea is like the first, with the addition of an attempt to account for the omission to return, or to offer to return, the fillies on the discovery of the fraud. To this end it is averred, that the vendee resided some three hundred miles distant; that the defendant did not discover the extent of the unsoundness until the fall after the purchase (which was made in February, 1839), and that he did not learn their pedigrees till the fall of 1839, or winter of 1839—40; that from the time

of the discovery of the fraud he was ready and willing, and desirous, to return the fillies, if he had had an opportunity, which he had not; and that from the discovery of the fraud down to their death, which happened in the winter and spring of 1840, he was ready and willing to return them.

Now, there were two lines of defence to this action for the purchase-money, either of which it was competent for the defendant to avail himself of by proper pleadings, as has been fully shown in the opinion of my brother Daniel, and need not be repeated; namely, first, a rescindment of the contract of sale, and, second, a failure of consideration in whole or in part. Either of these grounds was available against the action, if fraud had been committed in the sale. But they stand on different principles, and depend upon a different state of facts.

As to the first, the rescindment, which, of course, goes to the whole cause of action, as the contract is avoided altogether, it is indispensable that the defendant should return, or tender a return, of the property, within a reasonable time after the discovery of the fraud. And in this respect the law holds him to a strict compliance with the rule; he is not permitted to wait, and speculate upon the chances whether it would be best to return the property, and avoid the contract entirely, or to affirm it, and seek indemnity by way of damages. He must make his election at once.

Now which of these grounds of defence has the defendant sought to maintain by his pleas? Clearly, a rescindment of the contract. The first relies upon the fraud itself as an avoidance, — the second, the fraud, with an attempt to account for the omission of the offer to return. The first seeks to avoid the contract, and still keep the property; the second superadds a willingness to return. Both are defective, for want of the element essential to this line of defence, namely, a return, or an offer to return, the property. The first omits the averment entirely, and the averment in the second is altogether defective.

The fillies were kept several months, as is admitted in the plea, after the discovery of the fraud; and as to the distance of the vendor from the defendant; and difficulties in his way of tendering a return, the answer is, the rule of law imposes all that burden upon him, as a condition of rescindment. And if he is unable to comply with it, it is his misfortune, so far, at least, as it may compel him to resort to some other ground of defence. Certainly, it will afford no reasonable ground for avoiding the contract, and, at the same time, keeping the property

A return, or an offer to return, on the discovery of the fraud, is an indispensable element of the rule, and without which there can be no rescindment. A willingness to return, or a desire to return, uncommunicated to the vendor, will not do, and has no authority in the law.

The defence, then, must rest upon the failure of consideration, and which, I agree, is available to the defendant, whether it goes to the whole or in part, according to the law of Alabama, as well as the laws of most of the States, and latterly in the English courts.

But the question here is, not whether this is a good defence to the action, but whether the defence is that set up by the pleas. The only questions here arise upon them. We are confined to the grounds of defence as there set forth, and as there to be found, and to no others. And, as I think I have already shown, these place the defence upon the principle of the right to rescind the contract, to repudiate it altogether, denying any and every obligation under it.

The other ground of defence admits the contract, but seeks to diminish the extent or amount of the liability for the want of, or for a defect in, the consideration upon which it is founded. There is an appropriate plea for a defence of this description, and it is settled in the courts of Alabama that, under a plea of failure of consideration, a partial failure may be proved in abatement of the purchase-money. There are several cases to this effect. 1 Stewart & Porter, 71, 226, 242; 3 ib. 98; 3 Stewart, 169, 170.

If the defendant intended to rely upon a failure of consideration as a ground of defence, there was a plea at hand according to the practice of the courts of that State. He need only have put in that plea, and given evidence of a total or partial failure. But the truth is, this is not the defence set up, or intended to be set up, but one going to the root of the contract itself, — a rescindment of it. And what I object is, having failed to maintain his pleas in that aspect, for want of a sufficient averment of an offer to return the property, that they shall be converted into pleas of failure of consideration; thus, in effect, holding them good in form for either line of defence — an avoidance of the contract by a return, or offer to return, or failure of consideration — in all cases of fraud in the sale of property. A plea defective as a rescindment of the contract in a single particular, namely, the offer to return, is transmuted into a good plea of want of failure of consideration.

I fear the decision will tend to unsettle principles and confound well established rules of pleading, so essential to the trial

of causes understandingly, and in the orderly and methodical administration of justice.

For these reasons, I have felt compelled to enter my dissent to the judgment of the court.